**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WILLIE ERVIN CHADWICK, | No.  21-15567 |
| Petitioner-Appellant, | D.C. No. 2:20-cv-01264-WBS-GGH |
| v. | |
| RICK HILL, Warden, | MEMORANDUM* |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
William B. Shubb, District Judge, Presiding

Submitted February 17, 2022**
San Francisco, California

Before:  GOULD and RAWLINSON, Circuit Judges, and ZIPPS,*** District Judge.

Willie Chadwick (Petitioner) appeals the district court order denying his

petition for a writ of habeas corpus.  He contends that the district court erred when

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*       The Honorable Jennifer G. Zipps, United States District Judge for the District of Arizona, sitting by designation.

it concluded that the California Court of Appeal (state court) did not unreasonably apply *Strickland v. Washington*, 466 U.S. 668 (1984). We have jurisdiction under 28 U.S.C. §§ 1291 and 2253, and we **AFFIRM**.

We review de novo both the denial of a habeas petition and the rejection of a claim of ineffective assistance of counsel. *See Rhoades v. Henry*, 598 F.3d 495, 500 (9th Cir. 2010).

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) requires us to deny habeas relief unless the state court's adjudication on the merits of the habeas petition "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law." *Cheney v. Washington*, 614 F.3d 987, 993-94 (9th Cir. 2010) (citation omitted). When reviewing a state court's application of *Strickland* under the AEDPA, we "must afford both the state court and the defense attorney the benefit of the doubt." *Carter v. Davis*, 946 F.3d 489, 503 (9th Cir. 2019) (citation and internal quotation marks omitted). Our review, therefore, is "doubly differential." *Id.* (citation omitted).

To establish an ineffective assistance of counsel claim under *Strickland*, "a convicted defendant must show (1) constitutionally deficient performance by counsel (2) that prejudiced the defense." *Washington v. Shinn*, 21 F.4th 1081,

1092 (9th Cir. 2021) (citation omitted). Under AEDPA's deferential standard of review, the district court properly found that the state court's application of *Strickland* was not unreasonable.

**1.** Petitioner argues that trial counsel's reliance on California Criminal Jury Instruction 3477 to support his self-defense claim without his testimony constituted ineffective assistance. However, the state trial court determined that there was sufficient evidence presented–without Petitioner's testimony–to give the instruction. *See Menendez v. Terhune*, 422 F.3d 1012, 1029-30 (9th Cir. 2005) (concluding that a state court's determination under state law of the appropriateness of an instruction "cannot form the basis for federal habeas relief") (citation omitted).

Petitioner also contends that trial counsel's advice was not a reasonable tactical decision because there was "no other evidence presented – or that was obtainable – that supported [his] self-defense claim." But, prior to advising Petitioner against testifying, trial counsel conducted a practice direct and cross-examination with Petitioner. Trial counsel concluded that Petitioner "might come across to the jury as being angry at, rather than in fear of [the victim]." Trial counsel was also concerned that if Petitioner testified, the jury would learn that Petitioner had a prior "strike" conviction. *See* Cal. Penal Code § 667. After

3

weighing these concerns, trial counsel advised Petitioner against testifying.

Because trial counsel conducted a thorough investigation before advising Petitioner

against testifying, her strategic choice is entitled to deference, *see Cheney*, 614

F.3d at 996, and is "virtually unchallengeable." *Demetrulias v. Davis*, 14 F.4th

898, 913 (9th Cir. 2021) (citation omitted). The state court's denial of Petitioner's

habeas petition was not an unreasonable application of *Strickland*. *See*

*Gulbrandson v. Ryan*, 738 F.3d 976, 989 (9th Cir. 2013) (concluding that failure o

call the defendant as a witness "was reasonable under the circumstances").

**2.** The state court's conclusion that Petitioner failed to establish a

"reasonable probability" that his testimony would have changed the outcome of the

proceedings was also a reasonable application of *Strickland*.[1]  *Id.* at 990 (citation

omitted). Trial counsel had already concluded that Petitioner's testimony may

have led the jury to perceive Petitioner as, "angry at, rather than in fear of [the

victim]." Moreover, evidence of Petitioner's prior conviction would become

admissible if he testified. Because trial counsel's advice was based on these "very

---

[1] In support of this argument, Petitioner notes that trial counsel's opening statement presented a self-defense theory based on evidence that could only have been introduced through Petitioner's testimony. Trial counsel's statement did not prejudice Petitioner because trial counsel never promised the jury that Petitioner would actually testify. *See Saesee v. McDonald*, 725 F.3d 1045, 1049–50 (9th Cir. 2013).

good reason[s]," Petitioner could not establish prejudice. *Dows v. Wood*, 211 F.3d 480, 487 (9th Cir. 2000) (explaining that the petitioner could not establish prejudice when his testimony would have led to the admission of prior convictions for robbery and assault).

**AFFIRMED.**